## P. B. BAILEY AND WIFE v. D. GARRISON AND WIFE.

A contract to pay " six hundred dollars for a tract of land, a part of which is subject to be sold as a part of the estate of C. L. Walker, deceased, and for whatever amount Walker's part sells, to be deducted from this note," does not evidence a cause of action for the full amount specified, and will not support a recovery for that amount.

The contract, by its terms, being subject to a credit, and it not appearing that the credit has been allowed, or that anything has transpired to excuse the plaintiffs from making the contemplated deduction, they have failed to show that a cause of action exists for the sum specified, or any less amount. It is an elementary principle that, to support a recovery, the plaintiff must show a cause of action co-extensive with the recovery.

It devolved on the plaintiffs to make out their cause of action ; and if the interest of Walker's estate had been sold, and the amount credited on the note, it was incumbent on the plaintiffs to show it, to entitle them to the recovery obtained in this case.

ERROR from Titus. Tried below before the Hon. W. S. Todd.

This was a suit brought by the defendants in error against the plaintiffs in error for the sum of one hundred and eighty-five dollars and interest, the balance alleged to be due from the defendants on a note or contract executed by them to the plaintiffs, which, with the credits endorsed thereon and admitted in the petition, is as follows :

Bailey v. Garrison.

" On or before the first day of January one thousand eight hundred and fifty-seven, we promise to pay Mary E. Garrison the sum of six hundred dollars for a tract of land on which she now lives; land to stand good for this debt; a part of which is subject to be sold as a part of the estate of C. L. Walker, deceased, and for whatever amount Walker's part sells, to be deducted from said note, and credited on same. A part of which note is to be discharged in a good wagon and two yoke of oxen at cash valuation. Given under our hands and seals this 27th day of November, 1855.          (Signed)          " MARIA T. BAILEY, [L. S.]
                                    " P. B. BAILEY."    [L. S.]

" Received on the within note, one wagon, and two yoke of oxen, at two hundred dollars. Dec. 27th, 1856."

" Received on the within note one hundred dollars, on the 24th of April, 1857."

" Received one hundred and fifteen dollars on the within note, this 1st Dec., 1857."

The petition alleged the general indebtedness for the sum of six hundred dollars, and prayed judgment for the balance due after deducting the amount of the credits endorsed, without any allegation whatever in respect to the interest of the estate of C. L. Walker in said land, nor allowing any credit in consequence of said interest. The defendant answered by a general denial.

The only evidence offered by either party, was the note or contract, with the endorsement of credits thereon, above set forth.

The court charged the jury that they should disregard the supposed interest of Walker to the land, inasmuch as the defendants have not alleged in their plea, nor attempted to show that there was any sale for Walker's benefit; or if there was such sale, that the amount of the sale was not credited on the back of said note. The jury were also instructed to deduct the several credits endorsed on the note, and find a verdict for the remainder with interest. To which charge the defendants excepted. Verdict and judgment for two hundred and twenty-nine dollars and thirty-nine cents in favor of the plaintiffs.

Bailey v. Garrison.

*Johnson & Townes*, for plaintiffs in error.

WHEELER, C. J.—The instrument on which the suit is brought, is not a contract for the payment of the full sum of six hundred dollars, in any event. It is a contract for the payment of that sum, less a credit, the amount of which was thereafter to be ascertained. It does not evidence a cause of action for the full amount specified, and will not support a recovery for that amount. It is an elementary principle that, to support a recovery, the plaintiff must show a cause of action co-extensive with the recovery. It devolved on the plaintiffs to make out their cause of action. If the interest of Walker's estate had been sold, and the amount credited on the note, it was incumbent on the plaintiffs to show it, to entitle them to the recovery they have obtained.

If the contract had been for the payment of so much money, with a privilege to the defendants to reduce the amount by the proof of any fact or any act to be done by them, it would then have devolved on the defendants to aver and prove the fact or performance of the act on their part, upon which their right to claim a reduction of the amount stipulated to be paid depended. But such is not the case. The promise is not for the payment of six hundred dollars, but some less amount, thereafter to be ascertained. The plaintiffs manifestly were not entitled to recover the full amount specified; they have not shown themselves entitled to recover the amount specified, less the credits upon the note, because they have not shown that these or either one of them was the credit contemplated and stipulated for by the contract. It does not appear by their averments or proof, that they had a cause of action to the extent of the recovery which was adjudged to them. The note was subject to a credit. It does not appear that the credit has been allowed, or that anything has transpired to excuse the plaintiffs from making the contemplated deduction from the sum specified. The plaintiffs have manifestly failed to show a cause of action to the extent of their recovery. The judgment must therefore be reversed, and the cause remanded for further proceedings.

Reversed and remanded.